VAN BRAMER AND WIFE *against* THE EXECUTORS OF
HOFFMAN.

A. devised his lands to his two sons, charged with the payment of specific
sums by each to his executors, and bequeathed to his granddaughter, two
hundred pounds, to be paid to her when she came of age, out of the sums
so directed to be paid by his sons to his executors. It was held, that the ·
legacy to the granddaughter, carried interest from the time it was due, and
not before ; and that it was due when the legatee arrived at the age of
twenty-one years.

Where a legacy is given to a child, payable at a particular time, and no pro-
vision is made for its maintenance, equity will decree interest from the tes-
tator's death, by way of maintenance. But this rule does not apply to a
legatee who is a grandchild. Per *Radcliff*, J.

If a legacy be charged on land, and no time of payment is mentioned in the
will, the rule is that it shall carry interest from the time of the testator's
death. Per *Radcliff*, J.

THIS was a suit for a legacy. At the last Columbia cir-
cuit, a verdict was taken for the plaintiff, subject to the opi-
nion of the court on the following case :

Anthony Hoffman, by his last will, dated the 6th of Feb-
ruary, 1784, devised to his son, Nicholas, all his lands lying
in the county of Dutchess, and to his heirs forever ; and
after giving an annuity to his wife, the testator added, " it is
my will and desire, that my said son, Nicholas, his heirs
or assigns, should well and truly pay or cause to be paid, to
my executors, hereinafter named, the sum of six hundred
pounds, after the decease of his wife ;" and he made that
part of his estate devised to Nicholas, chargeable with the
payment of the same. He also devised to his son, Abraham,
all his real estate in Ulster county, which he made chargea-
ble, in like manner, with the payment of five hun-
dred pounds. He then *made a bequest to Saretie,    [*201]
the wife of the plaintiff, in the following words :  " I
also give and bequeath to my granddaughter Saretie, daugh-
ter of my deceased daughter Annatie, the sum of two hun-
dred pounds, current money of New York, to be paid unto
her, after the decease of my said wife, when she comes to the

age of twenty-one years, by my said executors, hereinafter named, out of the moneys which I have before ordered to be paid unto them, by my said sons, Abraham and Nicholas ; and in case my said granddaughter should die before the age of twenty-one years, without lawful issue, that then, in such case, it is my will and order, that the said legacy shall descend and devolve to all my above named children, and be divided by them, share and share alike." The testator's granddaughter, Saretie, was also one of the residuary legatees. The testator died the 5th December, 1784. His wife died the 28th March, 1785, and the granddaughter came of age the 18th June, 1785.

The estate to the two sons yielded each about forty-two pounds yearly.

The only question submitted to the court was, from what time interest was to be calculated on the legacy to the wife of the plaintiff; whether from the death of the testator, the death of his wife, or from the time the legatee came of age ? And the verdict was to stand, or be modified, according to the opinion of the court.

*Gardenier*, for the plaintiff.

*Sylvester*, contra.

RADCLIFF, J. delivered the opinion of the court. If a legacy be charged on land, and no time of payment is mentioned in the will, the rule is, that it shall carry interest [*202] from the time of the testator's death, because *the land yields rents and profits. (3 Wooddes. 520. 2 Salk. 415. 1 Ves. 310.)(*a*) But this is not to be considered as a legacy chargeable on real estate ; for although the moneys to be paid by the devisee of the testator are so

---

(*a*) [Old Note.] If a legacy be charged on *personal* estate, as mortgages bearing interest, or on stock yielding profits, the same prevails. 3 Wooddes. 520. If it is to come generally out of the personal estate, and no time of payment is fixed, it carries interest from one year after the testator's death. 3 Wooddes. 520. 1 Ves. 310. So, if a legacy be charged on a *dry reversion* it will carry interest after one year, that being a convenient time for the sale. Where a legacy is payable at a certain time, it will bear interest from that time, though not demanded. 3 P. Wms. 125. 2 Salk. 415, 416. 1 Vern. 262. 2 Vez. 568. 3 Bro. C. C. 419.

chargeable, and are the fund out of which the legacy is to be paid, yet the charge on the real estate was not made with a view to this legacy, or for the benefit of the legatee, but for the purpose of raising a general fund in the hands of the executors; and which, when paid to them, is to be regarded as personal estate. The legacy is to be paid out of this fund, which is of a larger amount, and not appropriated solely to this object. In this point of view, it is immaterial whether the real estate produced profits or not.

Where a legacy is given to a child, payable at a particular time, and no provision is made for its maintenance, equity will decree interest from the testator's death, by way of maintenance. (1 Ch. Ca. 60. 1 Ves. 307, 310. 2 Vent. 346. 2 Atk. 330. 3 Atk. 102. 2 Bro. C. C. 69. 3 Wooddes. 520.) But this is not the case of a *child* destitute of any provision for its support, and on that account entitled to interest as a suitable maintenance. And the rule does not apply to a legatee who is a *grandchild*. (1 Ves. 211. 1 Atk. 505. 2 Atk. 330. 3 Atk. 101.) Besides, the legatee in the present case had a father living, as we are to presume, and capable of maintaining her. There are other cases, also, in which a court of chancery refuses to grandchildren *the relief afforded to children who are legatees. (2 [*203] Fonb. 32.)

We are of opinion, therefore, that the legacy in the present case ought to carry interest from the time it was due, and not before; and it was due when the legatee arrived at full age.

Judgment accordingly.(<i>a</i>)

(*a*) See Jarman on Wills, Perkin's ed. 759 ; *Crickett* v. *Dolby*, 3 Ves. Jr. Sumner's ed. 10, and note ; *Lupton* v. *Lupton*, 2 Johns. Ch. ; *Dawes* v. *Swan*, 4 Mass. R. 208 ; see *Miles* v. *Hested*, 5 Binn. 477, and references.