## *In re* Goble's Will.

### (Surrogate's Court, Orange County. March 10, 1890.)

**1. Wills—Construction—"Children."**

A bequest of testator's residuary estate, to be divided among "all my children, share and share alike, except that the share which my daughter M., deceased, would have had, had she survived me, shall be paid to my daughter E., and the share which my son W. would have had, had he survived me, shall be paid to my grandson J.," does not include the child of a daughter who was dead when the will was made, but was not referred to therein.

**2. Same—Advancements.**

A bequest of testator's residuary estate to his children equally, "subject also to the advancements heretofore made by me to my sons N. and J., and the sum of $1,000 shall be charged against and be deducted by my executor from the distributive share of my son N. in such residuary, and the sum of $2,500 shall be charged against and be deducted from the distributive share of my son J.," fixes the advancements to be deducted from the sons' shares at the amounts therein named.

**3. Same—Interest on Legacy.**

Testator bequeated $1,000 to his granddaughter, the only child of a deceased daughter, but who was not supported by testator, "to be paid to her when she attains the age of 21 years," and gave the residue of his estate to his wife for life. He further provided that, on the death of his wife, the residuary estate should be divided among certain other persons. *Held,* that the granddaughter was entitled to interest on the $1,000 after one year from testator's death.

Judicial settlement of the accounts of Montgomery H. Vernon, executor of the will of Elias O. Goble, deceased. Decedent, after a bequest to Edna Miller, the only child of a deceased daughter, of $1,000, "to be paid to her when she attains the age of 21 years," gave the residue of his estate to his wife for life. The will further directed that "on the death of my wife, I direct my surviving executor to divide all my said residuary estate among all my children, share and share alike, except that the share or interest which my daughter Mary E. Wood, deceased, would have had, had she survived me, shall be paid to my daughter Ella L., and the share or interest which my son William T. Goble would have had, had he survived me, shall be paid to my grandson James O. Goble, the son of the said William T. Goble, deceased; and such distribution of my residuary estate shall be subject also to the advancements heretofore made by me to my sons Nathan Goble and John R. Goble, and the sum of $1,000 shall be charged against and be deducted by my executor from the distributive share of my son Nathan Goble in such residuary, and the sum of $2,500 shall be charged against and deducted from the distributive share of my son John R. Goble in such residuary."

John J. Beattie, for the executor.    L. D. Blanchard, for Anna M. Blanchard.    B. R. Champion, special guardian, for Edna Miller.

Coleman, S. The first question presented for my consideration is whether Edna Miller is entitled to any income upon her legacy, and; if so, from what time? The legatee is a granddaughter of the testator, but was not supported by him. The legacy cannot, therefore, be presumed to have been given for her maintenance, and clearly, if entitled to interest at all, is only entitled to interest from one year after the testator's death. As a general rule, legacies will not carry interest before the time for their payment, whether vested or not. If the testator is a parent (or *in loco parentis*) of the legatee, and the legatee is a minor, interest is allowed as maintenance, but this exception to the rule is not extended to grandchildren. Williams, Ex'rs, 1429, (original page;) *Lupton* v. *Lupton,* 2 Johns. Ch. 614; *Van Bramer* v. *Hoffman's Ex'rs,* 2 Johns. Cas. 200. It has, however, been held that where a fund is severed immediately from the testator's death, for the benefit of the object of the gift, not only is the gift vested, but carries the interim income. *Dundas* v. *Wolfe-Murray,* 1 Hem. & M. 425. I have not been able to find any case in this state where the court has made this distinction, but I can see no reason

why, under a similar state of facts, it might not be so held. In *Dundas* v. *Wolfe-Murray* the testatrix directed that her executors raise £5,000 out of a designated fund, to be held in trust, to pay the same to five children of her sister, the shares of such as were sons to be paid to them on attaining 21 years of age, and to the daughters at 21 years or at marriage. The balance of the fund, from which the £5,000 was to be raised, she disposed of in other ways. The vice-chancellor says: "I think the testatrix intended to make a complete and immediate separation of the two funds. * * * I am of the opinion, therefore, that this was a vested interest, and not only so, but that it was to be severed for the benefit of the objects of the gift, and that the plaintiffs are consequently entitled to the intermediate income." The legacy to Edna Miller is vested, only the time of payment being deferred. The legacy must be held for her until that time by the executor or his successors in the trust. It is true that the testator does not say that she is to receive the income derived from the fund in the mean time, nor does he say that any one else shall receive it, for the gift to his wife is of all the rest and residue of his property for her life, and upon her death such residue is to be distributed. Edna does not share, as I shall show hereafter, as the representative of her mother in that distribution, this provision being already made for her. For these reasons, I think the testator intended this sum of $1,000 to be set apart for the benefit of his granddaughter, with all the advantages which might accrue therefrom, to be accumulated and received by her, however, only when she should become 21 years of age.

The next question for consideration is whether Edna Miller, as the only child of her deceased mother, is entitled to share in the distribution of the residuary estate, as being included in the term "children." Her mother was dead at the time the will was made, and the case, therefore, does not come within the statutory provision. The word "children" ordinarily, does not extend further than immediate descendants. Where, however, the testator uses the word "children" and the word "issue," indiscriminately, the meaning of the word "issue" may be given to the word "children," and thus include "grandchildren." *Prowitt* v. *Rodman*, 37 N. Y. 42. It is claimed by the special guardian that the testator did not use the word "children" in its limited sense in this case, because the testator goes on to say who shall take the shares of his deceased children, Mary E. Wood and William T. Goble. On the other hand, the counsel for the executor claims that this very fact excludes the idea, and that the testator, by so doing, pointed out the exceptions he intended to make. I think the latter view of the case the correct one, and I am confirmed in this opinion by the further fact that the testator had earlier in the will made provision for his granddaughter Edna Miller, and it is not probable he intended her to take that much more than his other children.

I now come to the question of advancements. The testator directs the distribution of the residuary estate subject to the advancements heretofore made by him. Among the papers belonging to the deceased, there were found after his death by his executors the papers, signed by his son Nathan Goble, of which the following were copies: "Received of Elias O. Goble fifteen hundred dollars, as part of my portion of said Goble's estate. April 1, 1865. NATHAN GOBLE." "$965. April 1, 1870. Received of E. O. Goble nine hundred and sixty-five dollars, in full of all demands to this date. NATHAN GOBLE." "$500. Florida, December 17, 1874. On demand, I promise to pay to E. O. Goble or bearer, five hundred dollars, for value received, with interest. NATHAN GOBLE." The will was made January 12, 1884, and Elias O. Goble died June 12, 1888. If he had not mentioned advancements made by him to his children prior to the making of the will, the presumption would have been that he had taken them into consideration in determining the provision made in the will for his son Nathan. *Clark* v. *Kingsley*, 37 Hun, 246; *Arnold* v. *Haronn*, 43 Hun, 278. But he directs the distribution to be made

subject to advancements heretofore made, and it is necessary to determine whether the testator intended to fix the amount of those advancements by the sums which he directed should be deducted from the shares of Nathan and John R., or whether the sums named by him were to be added to such advancements. The sums named by him are not stated to be the amounts of these advancements, nor to be the amount which is to be withheld on account of them. The direction is that the distribution shall be subject to advancements heretofore made, and the sum of $——— shall be charged against and deducted from the share of, etc. The amount advanced to Nathan is much larger than the sum directed to be charged against his share. No evidence, however, seems to exist of advancements to John, and yet a much larger sum is charged against his share than Nathan's. Was it the testator's purpose, by adding the sums named by him to the evidence of advancements held by him against Nathan, to cover advancements to John of which he had no evidence, and thus equalize the distribution? I confess to a considerable doubt as to what he intended. It is quite apparent that the testator used the $1,000 and the $2,500 to represent advancements made by him to these sons, although as we know they did not cover all advances made. Nathan had more than $1,000. We cannot know how the testator arrived at the two sums fixed by him, and it appears to me that the only safe course to pursue is to assume that these sums were fixed by him as the amounts which he wished deducted from his son's shares on account of advancements theretofore made to them by him. It is significant that no such expression as "further" or "additional" is used in the phrase commencing, "and the sum of $1,000 shall be charged," etc. The decree will therefore direct the executors to retain the legacy of $1,000 to Edna Miller, and invest the same for her benefit during her minority, and that she be paid the same, with accumulations, when she becomes 21 years of age; that in making the distribution of the residuary estate the executor divide the same among the children of the testator who are now living, and to the representatives of such as were living at the time the will was made; and that in making such distribution the share of the testator's son Nathan be charged with the sum of $1,000 advancements, and the share of John R. with $2,500 advancements.