JENNY NELSON, Respondent, *v.* JAMES RUSSELL et al., Appellants.

| | |
|---|---|
| 135 | 137 |
| 142 | 437 |
| 135 | 137 |
| 147 | 74 |
| 148 | 305 |
| 135 | 137 |
| 153 | 472 |
| 135 | 137 |
| 154 | 501 |
| 154 | 644 |

The words "from and after" used in a testamentary gift of a remainder, following a life estate, do not afford sufficient ground in themselves for adjudging that the remainder is contingent and not vested, and unless their meaning is enlarged by the context they are to be regarded as defining the time of enjoyment simply and not of the vesting of title.

The presumption is that a testator intends that his dispositions shall take effect in enjoyment or interest at the date of his death, and, upon the happening of that event, unless the language of the will by fair construction makes his gifts contingent they will be regarded as vested.

Words of survivorship and gifts over on the death of the primary beneficiary are to be construed, unless a contrary intention appears, as relating to the death of the testator.

Upon submission of a controversy wherein a vendee sought to be relieved from the performance of a contract for the purchase of real estate the following facts appeared : B. who died seized of the premises, by his will, devised them to his two daughters for life, and "from and after" their decease to two grandchildren named and their heirs, the heirs of a deceased grandchild to take the share "that parent would have taken if living." One of the daughters died prior to the execution of the contract which was made by the other daughter, and the two grandchildren who executed a deed to plaintiff in accordance with the contract while he refused to accept. *Held,* that the grandchildren having survived the testator, took upon his death a vested remainder in fee in the premises ; that the provision for their issue was by way of substitution in case of the death of the parent during the life of the testator; and that therefore, the vendor's deed conveyed a good title.

*Nelson* v. *Russell* (61 Hun, 528), reversed.

(Argued May 26, 1892 ; decided October 4, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made May 13, 1891, which directed a judgment in favor of

plaintiff upon .the submission of a controversy under section 1279 of the Code of Civil Procedure.

On March 7, 1891, plaintiff entered into a contract with the defendants, Bridget Russell, a surviving life tenant, and James Russell, James Barry and Ellen Barry, the remaindermen under the will of Michael Barry, deceased, for the purchase of lots 256 and 258 Cherry street, in the city of New York. On April 21, 1891, to which time performance of said contract had been extended, defendants tendered to plaintiff a warranty deed of said premises, executed by all of them, which plaintiff refused to accept, on the ground that it did not convey a good, valid, merchantable or marketable title. Upon a submission of the controversy to the General Term, plaintiff asked that defendant should be required to convey to her a good marketable title or repay to her the amount she had paid on the contract, together with the expenses incurred by her for commissions and examination of title. Defendants asked that it be adjudged that the title tendered by their deed was sufficient. The material facts are set forth in the opinion.

*Thomas F. Wagner* for appellants. The words "the child or children of a deceased child taking the share which his, her or their parent would have taken if living," refer to a death during the lifetime of the testator. (*In re N. Y., L. & W. R. R. Co.*, 105 N. Y. 92; *Vanderzee* v. *Singerland*, 102 id. 55; *Livingstone* v. *Greene*, 52 id. 118; *Doe* v. *Sparrow*, 13 East. 359; *Black* v. *Williams*, 51 Hun, 280.) The will must, if possible, be so construed as to give effect to all the words. (*In re N. Y., L. & W. R. R. Co.*, 105 N. Y. 92; *Quackenboss* v. *Kingsland*, 102 id. 128.) The court will not cut down a fee once given, except upon clear words. (*Moore* v. *Lyons*, 25 Wend. 119; *Scott* v. *Guernsey*, 48 N. Y. 106; *Low* v. *Harmony*, 72 id. 408; *Byrnes* v. *Stillwell*, 103 id. 460; Jarmen on Wills, 194, 414; *Quackenboss* v. *Kingsland*, 102 N. Y. 128; *Vanderzee* v. *Singerland*, 103 id. 55.) The court will always construe a remainder as vested and the estate as alienable, if possible, and this was one of the objects of the

Revised Statutes. (*Moore* v. *Littel*, 41 N. Y. 75; *Living-stone* v. *Greene*, 52 id. 123; *Byrnes* v. *Stillwell*, 103 id. 460; *Embury* v. *Sheldon*, 68 id. 236.)

*John F. McFarland* for respondent. It is submitted that James Barry, Ellen Barry and James Russell, and each of them, took an estate in remainder, which was liable to be divested by his or her death after the death of the testator and before the death of the life tenant, and that upon such death the child or children of such deceased remaindermen would acquire a vested estate in remainder in said property. (*Nodine* v. *Greenfield*, 7 Paige, 544; *DePeyster* v. *Clendening*, 8 id. 294; *In re Ryder*, 11 id. 185; *Striker* v. *Mott*, 28 N. Y. 82; *Smith* v. *Scholtz*, 68 id. 61; *Bell* v. *Southwick*, 70 id. 586; *Nellis* v. *Nellis*, 99 id. 505; *Moore* v. *Littel*, 41 id. 66.) Until the death of both life tenants, an indivestible and indefeasible title in fee to said property cannot be given. (*Camp* v. *Cronk-right*, 59 Hun, 488.)

ANDREWS, J. The determination of this appeal depends upon the question whether, under the will of David Barry, his grandchildren James and Ellen Barry took on the death of the testator a vested remainder in fee in the premises No. 358 Cherry street in the city of New York. It is claimed in behalf of the plaintiff, the purchaser of the premises under a contract with Bridget Russell, the daughter of the testator, who took a life estate under the will, and the two grandchildren named, that the remainder was contingent and that in case of the death of the two grandchildren during the life tenancy, or of either of them leaving issue, such issue would take as pur-chasers the share which would have gone to the parent if living. Upon this ground it is insisted the title tendered was defective.

The controversy turns upon the true construction of the third paragraph of the will, which is as follows: "I give and devise unto my beloved daughters, Catharine Barry and Bridget Russell, all my real property in the city of

New York, and known as Nos. 356 and 358 Cherry street, and the rents, issues, and profits thereof for and during the term of their natural lives, and from and after the decease of my said daughters, Catharine Barry and Bridget Russell and each of them, I give and bequeath the said premises No. 356 Cherry street to James Russell the son of my said daughter, Bridget Russell, and upon the like events I give and bequeath the said premises No. 358 Cherry street to James Barry and Ellen Barry the children of my son Michael Barry now deceased to be divided equally between them and their heirs share and share alike the child or children of a deceased child taking the share which his, her or their parent would have taken if living." Catharine Barry died before the making of the contract in question.

We are of opinion that by the settled rules of construction the two grandchildren, James Barry and Ellen Barry, who survived the testator, took upon his death a vested remainder in fee in the premises in question, and that the provision for their issue was by way of substitution in case of the death of the parent during the life of the testator. The issue were to take in place of the parent if the parent should die before the testator. Much stress is laid upon the words "from and after the decease of my said daughters," immediately preceding the words of gift of the remainder, as indicating an intention to postpone the vesting until the happening of that event. But the authorities are quite uniform that the words "from and after" used in a gift of remainder following a life estate, do not afford sufficient ground in themselves for adjudging that a remainder is contingent, and not vested, and unless their meaning is enlarged by the context they are regarded as defining the time of enjoyment simply, and not of vesting the title. (*Moore* v. *Lyons*, 25 Wend. 118; *Livingston* v. *Greene*, 52 N. Y. 118; *Rose* v. *Hill*, 3 Burr. 1882; *Doe* v. *Prigg*, 8 B. & C. 231.) The presumption is that a testator intends that his dispositions are to take effect either in enjoyment or interest at the date of his death, and unless the language of the will by fair construction make his gifts contingent, they will be regarded

as vested.   Words of survivorship and gifts over on the death of the primary beneficiary are construed, unless a contrary intention appears, as relating to the death of the testator. ( *Vanderzee* v. *Slingerland,* 103 N. Y. 55 ; *Matter of N. Y., L. & W. R. R.,* 105 id. 92.)   There is nothing so far as we can discover on the face of the will, aside from the words " from and after," to give any color to the construction that the vesting of the remainder was postponed beyond the death of the testator. Nor is there even the apparent injustice which sometimes results from the rule of construction to which we have adverted.   The son of the testator, the father of the grandchildren James and Ellen Barry, to whom the remainder was given, had died before the testator, and there could be no disinheritance of subsequently born issue.   The gift was to the grandchildren " and their heirs."   Under the construction of the will claimed by the plaintiff, they might never derive any benefit under the will.   We think the present judgment cannot be maintained without departing from settled rules of construction which have become landmarks of property.

The judgment should be reversed and judgment ordered for the defendant on the argued case.

All concur.

Judgment reversed.