In re KINGS COUNTY TRUST CO.

(Supreme Court, Appellate Division, Second Department.  November 18, 1910.)

1. WILLS (§ 481*) CONSTRUCTION—"AFTER THE PAYMENT."

Where testator bequeathed a general legacy to a home for destitute children, and then provided that after the payment of such legacy the executor and trustee should pay to the widow a general legacy of $50,000, and invest the further sum of $32,000 and pay to her the income therefrom for her life, the words "after the payment" should be construed as referring to the order of marshaling the assets of the estate, and not to the point of time when the rights of the widow accrued, and the legacy to the widow vested in her at testator's death.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1005–1007; Dec. Dig. § 481.*]

2. WILLS (§ 573*)—PROVISION FOR WIDOW—INSTRUCTIONS—RIGHT TO INTEREST PENDING ADMINISTRATION.

Testator provided that his widow might reside for two months in the family residence, during which time her living expenses should be paid out of his estate.  She was in addition given a third of the net rents of testator's real property, a legacy of $50,000, and the income of $32,000 for life, which sum the executor was directed to invest for the widow's benefit.  At testator's death his personal estate, including the $32,000, was so invested as to be productive of income.  *Held*, that testator drew no distinction between the income derived from his own investment of the $32,000 and that which might subsequently be made by his executors and trustees, and that the widow was therefore entitled to interest on the trust fund from the date of testator's death to the date of the executor's accounting, computed at the same rate as that actually earned by his entire personal estate during that period.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1246–1251; Dec. Dig. § 573.*]

Appeal from Surrogate's Court, Kings County.

Judicial settlement of the account of the Kings County Trust Company as executor, etc., of the will of William Howard, deceased. From that part of a surrogate's decree (125 N. Y. Supp. 159) allowing interest to the widow from the date of the testator's death on a trust fund of $32,000, the income of which was to be paid to the widow for life, Robert P. Howard and others, residuary legatees, appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and CARR, JJ.

William Howard, Jr., for appellants.
Edward P. Lyon, for respondent Anna P. Howard.

BURR, J.  The will of William Howard, as modified by a codicil thereto, contained the following provisions:

"First: After the payment of all my just debts and funeral expenses, I give and bequeath to my wife, Anna P. Howard, all my silverware, and all my household and kitchen furniture, including piano, books, pictures and bric-a-brac in my house, No. 260 Washington avenue, borough of Brooklyn, or in any other house that I may occupy at the time of my death.  I further direct that my wife shall be allowed to remain in my Washington avenue house, or any house that I may be occupying at the time of my death, for two months after my death, if she so desires.  During the same time, the expense of said

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

house and of living there, and of the horses and coachman, to be paid out of my estate."

A legacy of $2,000 was then given to the Brooklyn Industrial School and Home for Destitute Children. The will and codicil further provided:

"Third: After the payment of the above legacy I direct my executor and trustee to pay to my wife, Anna P. Howard, the sum of fifty thousand dollars ($50,000) and to invest and reinvest the further sum of thirty-two thousand dollars ($32,000) and to pay to her the income received from said sum of thirty-two thousand dollars for and during her natural life." [The disposition of the remainder of this fund after her death is immaterial to this controversy.]

"Fourth: I hereby direct my executor and trustee to pay one-third of the net income of my real estate to my said wife, until the same shall have been sold by it, and also to pay to her the amount of her dower in and to my real estate as soon as the said real estate has been disposed of by my said executor and trustee, the value of the said dower to be ascertained by the Northampton Tables."

"Ninth: The provision in this, my will, in favor of my wife, Anna P. Howard, if accepted by her, shall be in lieu of and in full satisfaction of her dower, and any and all other rights in and to, or claim upon my estate, except as aforesaid."

The widow claimed that she was entitled to interest upon the trust fund of $32,000 from the date of the death of the testator to the date of the accounting, computed at the same rate as that actually earned by his entire personal estate during that period. From so much of the decree of the Surrogate's Court as sustains such claim, this appeal is taken.

At the time of testator's death his personal property was invested in income-producing securities. If the only provision contained in his will relating to his widow was that which directed the executor and trustee to invest and reinvest the sum of $32,000, and to pay to her the income received therefrom for and during her natural life, there would be no question that her claim was well founded, and that the surrogate's decree was right. In re Stanfield, 135 N. Y. 292, 31 N. E. 1013; Cooke v. Meeker, 36 N. Y. 15; In re Slocum, 60 App. Div. 438, 69 N. Y. Supp. 1036, affirmed as to this point 169 N. Y. 153, 62 N. E. 130; In re Baker, 57 App. Div. 44, 68 N. Y. Supp. 44; Bank of Niagara v. Talbot, 110 App. Div. 519, 96 N. Y. Supp. 976, affirmed 184 N. Y. 576, 77 N. E. 1181; In re Dewey, 153 N. Y. 63, 46 N. E. 1039. And this would seem to be the case notwithstanding the direction that this provision, if accepted, should be in lieu of and in full satisfaction of her dower, and all other rights in and to or claim upon testator's estate. In re Barnes, 7 App. Div. 13, 40 N. Y. Supp. 494, affirmed 154 N. Y. 737, 49 N. E. 1093.

Conceding the soundness of this general rule, the learned counsel for the appellant contends that it has no application in this case, for two reasons: First, because the will directs the investment of the sum of $32,000 "after" the payment of the legacy to the Brooklyn Industrial School and Home for Destitute Children, and concededly this legacy was not payable until one year after the granting of letters testamentary herein. Code Civ. Proc. § 2721; In re McGowan, 124 N. Y. 526, 26 N. E. 1098. Second, because, having given to his wid-

ow a general legacy of $50,000, a specific legacy of his silverware, furniture, and other household effects, together with the use of the family residence and the expense of maintenance therein for two months, and in addition one-third of the net income of his real estate until it was sold, when she was to have a gross sum in lieu of dower, it was not necessary for the purpose of support and maintenance that she should receive interest on this trust fund, and therefore it must be presumed that testator did not intend that she should have it.

The first objection is clearly untenable. The word "after," used in such connection, should not be construed as fixing a point of time in connection with which an event shall take place. Such a word, used in a testamentary gift of a remainder following a life estate, has been held not to prevent the vesting of such estate in remainder until the termination of the preceding estate. Nelson v. Russell, 135 N. Y. 137, 31 N. E. 1008; Hersee v. Simpson, 154 N. Y. 496, 48 N. E. 890. By analogy it seems to me that when a general legacy or the income of a trust fund is given, payable "after the payment" of another general legacy, this word and words of similar import must be construed as referring to the order of marshaling the assets of the estate, and not to the point of time when the rights of the legatee or beneficiary accrued.

The other objection impresses us as much more serious in character. The exceptions to the general rule that a legacy should not be payable, and therefore draw no interest, until one year after the issuing of letters testamentary, are sometimes said to be based upon an intent, express or implied, that the legatee should in the meantime be maintained at the testator's expense. Brown v. Knapp, 79 N. Y. 136. It is upon this ground that legacies to minor children, or to minors to whom the testator stood in loco parentis, have been held entitled to draw interest. The intent of the testator may be discovered in the "entire will and the circumstances surrounding it." Stevens v. Melcher, 80 Hun, 514, 548, 30 N. Y. Supp. 625; Thorn v. Garner, 113 N. Y. 198, 202, 21 N. E. 149; Lyon v. Industrial School Association, 52 Hun, 359, 5 N. Y. Supp. 326, affirmed 127 N. Y. 402, 28 N. E. 17. In Stevens v. Melcher, supra, 80 Hun, at page 548, 30 N. Y. Supp., at page 648, the court base the right to a beneficiary of a trust fund to the income from the date of the testator's death, upon an intended exception to this general rule, but say in that case that the exception applies "where the *only* gift to a legatee is the income of a particular fund." If emphasis be placed upon the word "only," this would not be an authority in favor of respondent. But the limitation of the application of this rule to a case where the *only* gift to a legatee was the income of a particular fund was not necessary to the decision thereof, and I feel free, therefore, to pursue the inquiry further.

If the doctrine of exemption must be made to rest upon intent, either expressed or implied from necessity, there is no intent expressed in this case, and it might be difficult to imply such intent from the necessity of the widow to maintenance out of this fund. For a period of two months her maintenance is provided for in that clause of the will which gives to her the use of the homestead and her expense of living there. In addition, she has the one-third part of the net rents

of the real property. It is true that there is no evidence in this case as to the amount thereof; but, if the widow's claim is to be sustained upon the ground of an intent arising from necessity, it would be incumbent upon her to show the extent of the income derived from that source. In addition, she is given a general legacy of $50,000. It is true that that legacy is not payable for a period of one year; but it may be said that, if necessary, she could anticipate the payment of a portion thereof and use it for her current living expenses, even though the effect of this would be that when she finally received the legacy the principal thereof might be somewhat depleted.

As it seems to me, however, the ground of a beneficiary's right to the income of a trust fund, given for support and maintenance, is not to be found in an implied intent of a testator arising from necessity, but rather in the nature of the gift itself. In the Stanfield Case, supra, the court say:

"The bequest is not of a part of the principal of the estate, or of any property possessed by the testator in his lifetime, but of that which is to arise or accrue after his death from a specified fund to be set apart for that purpose. *It is the income which constitutes the respondent's legacy.* He is not seeking to charge the estate with interest upon his legacy, but is simply endeavoring to secure the legacy itself; and his effort, therefore, involves no infringement of the rule regulating the payment of interest upon general legacies. * * * The gift of the income is independent of the gift of the principal; and the right to the income does not depend upon the investment, but was created and exists regardless of it. The direction to the executor, with respect to the investment of the fund, has reference to the administration of the trust, and cannot be available to defeat the legatee's title to income accruing previously to the time when the investment is required to be made. * * * There is no difference in principle between the gift of an annuity and the gift of income, with respect to the time when each begins to accrue, and it is conceded that an annuity is payable from the death of the testator, unless a different time is prescribed in the will."

In the Matter of Slocum, supra, the court say:

"Nothing is clearer than that the testator has not in terms limited the life estate to the fund to be created by the conversion and investment. What he gives is 'the income of my said estate,' not the income arising from the investments, nor even the income collected after the conversion and investment."

So in this case, while the direction is to invest and reinvest the sum of $32,000, the express direction is not to pay her the income received after such investment is made, but "to pay to her the income received from said sum of thirty-two thousand dollars for and during her natural life." The testator knew that at the time of his death his personal estate, including the $32,000 referred to in this clause of his will, was so invested as to be productive of income. In affirming the decision of this court in the Slocum Case, 169 N. Y. 153, 158, 62 N. E. 130, 131, the court say:

The testator "does not distinguish between the income to be derived from his investment in his firm and the income to be derived from the investments to be made by his executors, although, as we have seen, he must have had both in mind. The word 'income' is used as a whole, and, of course, embraces all its parts. He fixes no time, and implies none, except as he lets the law speak for him, when this income shall begin to accrue, and thus creates no

interval between his death and some future period in which it may not ac-
·crue, or, if accruing, shall not be disposed of as such."

So here it may be said that the testator draws no distinction between
the income derived from his own investment of $32,000 and that
which might subsequently be made by his executors and trustees.

I think that the decision of the learned surrogate was right, and that
so much of the decree as is appealed from should be affirmed, with
·costs. All concur.