Burr, J.:
. ■ The will. of- William Howard, as modified by a codicil thereito, contained theHollpwing provisions“ Eirst. After the payment <b'f all my just debts and funeral expenses, I give and bequeath to nry wife, Anna P. Howard, all my silverware, and all my household! " and kitchen furniture, including piano, books, pictures dnd" bric-abrac in.my house, Ho. 260 Washington avenue, Borough of Brook/ lyn, or in any other.-house ■ that I may .occupy,at the time of my . death, I further direct that my wife,shall be allowed to remain in 'my Washington ave'nue.Jious,e,,or any house that I may be occupying at the time of my death, for [two] - months after my death, if she so desires, during the same time. The" expense of said house and of living there, and- of the horses and. coachman, to b.e paid out of my"‘estate/’ A legacy-of $2,000 was then given, to the Brooklyn Industrial Scliotil and Home for Destitute -Children. - The will and ■codicil further provided': “'Third. After: the paymeirtof the above *45 legacy I direct my Executor and Trustee to pay to my wife, Anna P. Howard, the sum of Fifty thousand dollars ($50,000) and to invest and re-invest the further sum of Thirty-two thousand dollars ($32,000) and to pay to her the income received from said sum of Thirty-two thousand dollars for and during her natural life.” (The disposition of the remainder of this fund after her death is immaterial to this controversy.) “Fourth. I hereby direct my Executor and Trustee to pay one-third of the net income of my real estate to my said wife, until the samé shall have been sold by it, and also to pay to her the amount of her dower in and to my real estate as soon as the said- real estate has been disposed of by my said Executor and Trustee, the value of the said dower to be ascertained by the Northampton Tables.” “Ninth. The,provision in this, my Will, in favor of my wife, Anna P. Howard, if accepted by her, shall be in lieu of and in' full satisfaction of her dower, and any and all other rights in and to, or claim upon my estate, except as. aforesaid.”
The widow claimed that she was entitled to interest upon the trust fund of $32,000 from the date of the death of the testator to the date of the accounting, computed at the same rate as that actually earned by his entire personal estate during that period. From so much of the decree of the Surrogate’s Court as sustains such claim this appeal is taken.
At the time of testator’s death his personal property was invested in income-producing securities. If the only provision contained in his will relating to his widow was that which directed the executor and trustee to invest and reinvest the sum of $32,000, and to pay to her the income received therefrom for a,nd during her natural life, there would be no question that her claim was well founded and that the surrogate’s decree was right. (Matter of Stanfield, 135 N. Y. 292 ; Cooke v. Meeker, 36 id. 15; Matter of Slocum, 60 App. Div. 438; affd. as to this point, 169 N. Y. 153; Matter of Baker, 57 App. Div. 44; Bank of Niagara v. Talbot, 110 id. 519; affd., 184 N. Y. 576; Matter of Dewey, 153 id. 63.) And this would seem to be the case notwithstanding the direction that this provision if accepted should be in'lien of and in full satisfaction of her dower and all other rights in and to or claim upon testator’s estate. (Matter of Dunn [Barnes], 7 App. Div. 13 ; affd., 154 N. Y. 737.) *46 Conceding, the soundness of ’ this general rule, the learned counsel for the appellant contends that it has no application in this case for. . two reasons: First. Because the will directs the investment of the sum of $32,000 “ after.” the payment of the legacy to the Brooklyri Industrial School.and Home for. Destitute Children, and con- . cededly this legacy was not payable until one year after the granting' of letters testamentary herein., (Code Civ. Proc. § 2721 ; Matter of McGowan, 124 N. Y. 526.) Second. Because, having given to his .widow a general legacy of $50,000, a specific legacy of his silverware, furniture and other household .effects, together with the ■ use of the family residence and the expense of maintenance therein ' for two. months, and in addition one-third of .the net income of his real estate until it was sold, when she was to have a gross sum in ' . lieu of dower, it was not necessary for the purpose of support and' .maintenance that she should receive interest oh this trust fund, and, therefore, it must be presumed that testator did not intend that she should have it. ... ''
The -first objection is clearly untenable. The word “ after,” used . in such connection, should not bé construed as fixing a. point of time in. connection with which an event shall take place.. Such a word used in a testamentary "gift of a remainder following a life estate . has been held not .to prevent the vesting of such estate in remain- ■ der until the termination of the preceding estate. (Nelson v. Russell, 135 N. Y. 137; Hersee v. Simpson, 154 id. 496.) ■ By analogy it Seems to me that when a general legacy or the income of a trust fund is given, payable. “ after the payment ” of another general legacy, this'word and'words of similar import must be construed as referring to» the order of marshaling the assets of the estate'and-not to the point of time when the rights of the legatee . or. beneficiary accrued. ' •'■•'.
The other! objection impresses us as much more . serious, in character. The exceptions to the general rule that a legacy should not be payable, and, therefore, draw no interest until- one year after the issuing of letters testamentary, are sometimes said to be based upon an intent,- express or implied, that the legatee should in . the meantime be maintained at the testator’s expense. . (Brown v. Knapp, 79 N. Y. 136.) It is upon this ground that legacies to minor children or to ’minors- to whom the testator stood in loco *47 parentis, have been held entitled to draw interest. The intent of the testator may be discovered in the “ entire will and the circumstances surrounding it.” (Stevens v. Melcher, 80 Hun, 514, 548 ; Thorn v. Garner, 113 N. Y. 198, 202; Lyon v. Industrial School Association, 52 Hun, 359; affd., 127 N. Y. 402.) In Stevens v. Melcher {supra, 548) the court base the right of a beneficiary of a trust fund to the income from the date of the testator’s death,, upon an intended exception to this general rule, but say in that case that the exception applies “ where the only gift to a particular legatee is the income of a fund.” If emphasis be placed upon the word “ only,” this would not be an authority in favor of respondent. But the limitation of the application of this rule to a case where the only gift to a legatee was the income of a particular fund, was not necessary to the decision thereof, and I feel free, therefore, to pursue the inquiry further. If the doctrine of exemption must be made to rest upon intent, either "expressed or implied from necessity, there is no intent expressed in this case, and it might be difficult to imply such intent from the necessity of the widow to maintenance out of this fund. For a period of two months her maintenance is provided for in that clause of the will which gives to her the use of the homestead arid her expense of living there. In addition, she has the one-third part of - the net rents of the real property. It is true that, there is no evidence in this case as to the amount thereof, but if the widow’s claim is to be sustained upon the ground of an intent arising from necessity, it would be incumbent upon her to show the extent of the income derived from that sourcé.. In addition, she is given a general legacy of $50,000. It is true that that legacy is not payable for a period of one year; but it may be said that, if necessary, she could anticipate the payment of a portion thereof and use it for her current living expenses, even though the .effect of this would be that when she finally received the legacy the principal thereof might be somewhat depleted. As it seems to me, however, the ground of a beneficiary’s right to "the income of a trust fund, given for support and maintenance, is not to .be found in an implied intent of a testator arising from necessity, but rather in the nature of the gift itself.
In the Stanfield Case (supra) the court say: “ The bequest is not of a part of the principal of the estate, or of any property pos *48 sessed by the testator fin his life time-;1 but of-Tbat which isToarise-or accrue--after Ms death frb'm á' specified fund'--to1 be-set- -a-part- for- that! purpose. T-Iti$ the income which constitutes the respond'entf-s legacy:' ■He is -not seeking to charge tlié éstate with interest upon his legacy; hut .iseimply endeavoring -to secure the legacy itself, and his effort,therefore;-involves, ño infringement .of- the rule -regulating the" pay! men*Of-interest:upon, general, legacies. ■ *>---* ■ "The gift--Of’the' income-is'- independent’of the gift-of the principal ;i and -thé right-to1 the incómé¡does 'not dépeh-d upon the investment,; but was-created -and* exists regardless of -it. -The direction to the exécutor; witbréspéct-tó" the-investment of-the futid-, lias reference-to tli e ad minis tfaf ion of the; trust, -and -cannot-be-available- to - defeat the-legatee’s- title- tbiñcoiné: aceruitig-pre-viously to the time when- the investment is required ’to ■ be made/: * *■ ■ There-is no difference in-principle’between'the: gift-of ati> -annuity - and' the gift-Of income,- with- respect- to .the--time'’ when each begins* to accrue; and it- is--conceded -that*-an- 'annuity-is’ • payable from tlié- death of- the- testator,-■ unless a--different -time"is; prescribed in the will.” In Matter of Slocum (supra) the court-say \■ Hotliitig is clearer- than • that -tlié. testator■ has-.'not- -in- ’■ terms:' lii-hitfed the life-estate-to-the fund- to -be -created- by •the--eoh-version,? and-investment.- -What he giv-esds Hhe income.-of- t-wy" said estate;’-; •not the-income-arising from the' investments,: -nor even- ■ the' income-collected: after--the -conversion- -arid’ -investment.” So- in this--case;! while- the1 d-irectioh is to-invest and reinvest - the sum of $32,000;- , the--express---direction is not- to-pay her -the"---income -received’ . after’ sricli -investment-1 is made, -hut - “ to pay to hei-The income-received.-.from -saidysu-m--of Tbirty'Two>■tliohsand'dollars -for.and dur-'ing her -natural life.”- ’-The testator kriew that' at; the time’ cf' his-death-his-personakestatep-ineluding-the $3-2;000- referred-To -in- this * clause- ’of- -his Wi-11, - was- -so in vested as - -t o-'1 be- > p rod-u c t-i've < of - income] - In affirming5 tlié decision of this, court in the Slocum Case (169 N. Y. 153, 158) the court ’ say -: The- testator-does- not distinguish- between: the--income to-be -derived'-from- liisy-investment -in- his' firm' arid T-lie income'to- be-deiivedfrorii-the in vestments*-to- -be made by-his execu-;: tore,--although-, 'as-wé have- seenphe- inust have had- both- in- min’d.; The word income ’"is used-ás á" whole,: and -of course- embraces--all", its parts-.-- ‘ Hé -fixes no time- anti implies none, except' as" hé- ¡léts the -law- speak-.for- him,'when this ineome’shall-begin’' to-accrue, and- *49 thus creates no interval, between his death and some future period in which it may not accrue, 6r, if accruing, shall not be disposed of as such.” So here it may be said that the testator draws no-distinction between the income derived "from his own investment of $32,000 and that which might subsequently be made by his executors and trustees.
I think that the decision of the learned surrogate was right, and that so much of the decree as is appealed from should be affirmed-, with costs.
Hirsohberg, P. J., Woodward, Rich áifd Carr, JJ., concurred.
Decree of the Surrogate’s Court of Kings county, in so far as appealed from,, affirmed, with costs,