Annie E. Lyon, Appellant, *v.* The Industrial School Association, of Brooklyn, E. D., Respondent.

L., by her will, gave to plaintiff $5,000, "to be paid over to her when she shall have arrived at the age of twenty-five years." The residue of her estate G. gave to her husband for life, and upon his death to defendant. The husband of L. was appointed sole executor, and after her death, entered into and took possession of her entire estate, after payment of certain other legacies provided for in the will, and continued to use the income thereof until his death, when defendant entered into possession. In an action to recover said legacy, with interest from the death of the testatrix, it appeared that plaintiff, who was a niece of the husband of the testatrix, was taken into his family with the consent of her father, where she resided and was supported until ten years of age, when the testatrix died; that, although not formally adopted, L. had treated her as her child and assumed towards her the relation of a parent. The husband, who was a man of property, continued to provide for plaintiff, until 1883, when he died; it did not appear that she possessed any other property than said legacy. He gave her $10,000 by his will. Plaintiff became twenty-five years of age in August, 1888. *Held*, that

interest was not payable upon the legacy until after plaintiff arrived at the age of twenty-five.

Reported below, 52 Hun, 359.

*Brown* v. *Knapp* (79 N. Y. 136), distinguished.

(Argued June 10, 1891 ; decided June 25, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, in favor of defendant, entered May 22, 1889, upon a submission of a controversy made pursuant to section 1279 of the Code of Civil Procedure.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John A. Taylor* for appellant. The language employed by Mrs. Lyon in making the bequests to plaintiff leaves no doubt that she intended to set apart the proportion of her estate represented by $5,000, then and there to the benefit and advantage of plaintiff. (*In re Goble*, 30 N. Y. S. R. 944.) The legacy in question is taken out of the general rule that legacies do not bear interest, unless so stated in the will by two considerations, both of which appear upon the face of the will. (*Ackerly* v. *Wheeler*, 1 P. Wms. 783 ; *Rogers* v. *Sonthen*, 2 Keene, 598 ; *Lupton* v. *Lupton*, 2 Johns. Ch. 614 ; *Brown* v. *Knapp*, 79 N. Y. 141 ; *Keating* v. *Burns*, 3 Dem. 235.) This legacy was a vested legacy, and as such, descendible to the representatives of the plaintiff in the event of her death before reaching the age of twenty-five years. (*Loder* v. *Hatfield*, 71 N. Y. 92 ; *In re Mahan*, 98 id. 372.) The quantity of the estate of defendant cannot be enlarged any more than it could be diminished by any proceedings had at the accounting of Eliphalet Lyon. (Code Civ. Pro. § 2742.)

*Joseph A. Burr, Jr.*, for respondent. The principal of the legacy to plaintiff being only due and payable by the terms of the will when she had attained the age of twenty-five, and defendant having tendered her the principal as soon as it was payable, it is not chargeable with any interest, unless plaintiff comes within some of the exceptions to the general rule above

stated. (Roper on Legacies, 1245; *Sullivan* v. *Winthrop*, 1 Sum. 1; *Bradner* v. *Faulkner*, 12 N. Y. 474; *Lupton* v. *Lupton*, 2 Johns. Ch. 614; *Thorn* v. *Garner*, 113 N. Y. 202; *Van Rensselaer* v. *Van Rensselaer*, Id. 207.) The exception, in favor of an infant, to the general rule, that a legacy only bears interest from the date of payment, is founded upon a presumption that the infant is incapable of providing for its own support, and that it is dependent upon the testator for maintenance, and, therefore, the court will infer that the testator intended it should have such interest by way of maintenance. (*In re Rouse*, 9 Hare, 649; Roper on Legacies, 1263; *Wynch* v. *Wynch*, 1 Cox, 433; *Raven* v. *Waite*, 1 Swanst. 553; *Heath* v. *Perry*, 3 Atk. 101; *Heath* v. *Greenbank*, Id. 716; *Brown* v. *Knapp*, 79 N. Y. 136.) The presumption that the infant is dependent upon the testator for maintenance may be shown to be unfounded, by proof that the infant had other provision for its support, and this proof may be extraneous to the will. (*Van Brenner* v. *Hoffman*, 2 Johns. Cas. 200; *Raven* v. *Waite*, 1 Swanst. 552; *Wall* v. *Wall*, 1 Jur. 403; 15 Sim. 503; *Thorn* v. *Garner*, 42 Hun, 507; 113 N. Y. 202; *In re Wood*, 1 Dem. 559; *Morgan* v. *Valentine*, 6 Id. 20.) The testatrix did not stand "in *loco parentis*" to the plaintiff, so far at least as any obligation to provide for the support and maintenance of the plaintiff were concerned. Even if plaintiff had been actually the child of Mr. and Mrs. Eliphalet Lyon, so long as Mr. Lyon lived, she was under no legal obligation to support her. (*Gladding* v. *Follett*, 2 Dem. 58; *Derr* v. *Corley*, 20 Wkly. Dig. 109.) The surrogate's decree makes the question *res· adjudicata* between the parties. (*Pray* v. *Hegaman*, 98 N. Y. 351; *In re Denton*, 103 id. 607; *In re Gilbert*, 104 id. 200.)

HAIGHT, J.    The plaintiff was a niece of Eliphalet Lyon and at the age of eight weeks was, with the consent of her father, taken into the family of Eliphalet Lyon and wife, where she continued to reside and be supported until the death of Mrs. Lyon, on the 27th day of April, 1873. Mrs. Lyon

left a last will and testament, which has been duly proved and admitted to probate in the office of the surrogate of the county of Kings. The will, among other things, provides:

"I give and devise to my adopted daughter, Annie Lizzie Lyon, the sum of five thousand dollars, to be. paid over to her when she shall have arrived at the age of twenty-five years. All the rest, residue and remainder of my real and personal estate, I bequeath to my beloved husband, Eliphalet Lyon, to have and hold for his own use and benefit during his natural life, and upon his death the same to be given to the Industrial School Association of Brooklyn, Eastern District, to be applied to the uses and purposes of said Association."

She appointed her husband sole executor of her will. After her death he entered into and took possession of her entire estate, both real and personal, saving only the other legacies provided for in the will, and continued in the use, possession and enjoyment of the same and of all rents, profits, interests and income thereof until his death, which occurred on the 23d day of March, 1883. Since his death, the defendant has accepted and been in the possession and enjoyment of the entire estate of the testatrix. After the death of Mrs. Lyon, the plaintiff was supported by Mr. Lyon until his death, who, by his last will and testament, gave her upwards of ten thousand dollars. The father of the plaintiff is still living. He has never formally surrendered his parental rights or control of the plaintiff, nor been released from his parental obligations to her, but has never contributed to her support since she. was taken by Mr. and Mrs. Lyon with his consent. The plaintiff arrived at the age of twenty-five years on the 27th day of August, 1888.

The question presented upon this controversy is whether the plaintiff is entitled to interest upon the legacy given to her by Mrs. Lyon.

It will be observed that the will does not in express terms provide for the payment of interest, nor does it create a trust. If, however, it is apparent that it was the intention of the testatrix that the plaintiff should have interest, it is the duty of

the court to so decree. The general rule is that when a time is specified in the will for the payment of a legacy and there is no direction as to interest, the legacy will carry interest only from the time it is payable. (*Thorn* v. *Garner*, 113 N. Y. 198; *Van Rensselaer* v. *Van Rensselaer*, Id. 207; *In Matter of Accounting of McGowan, as Exr., etc.,* 124 id. 526.)

But to this rule there is an exception, and it is well stated by EARL, J., in the case of *Brown* v. *Knapp* (79 N. Y. 136–141). He says:

" When there is a legacy to a minor child, or to an infant as to whom the testator is *in loco parentis*, and such legatee has no other provision nor any maintenance in the meantime allotted by the will, the legacy, although payable at a future day, carries interest from the death of the testator. This rule is based upon the presumption that the testator in such case must have intended that the legatee should in the meantime be maintained at his expense, thus discharging his moral obligation or carrying out his benevolent design. It is not needed for the application of this rule that the testator must have been under a legal obligation at the time of his death to support the legatee. Such obligation of a testator to support his own child continues only during his life. It is sufficient for the operation of this rule that the testator has voluntarily assumed in reference to the legatee such a relation similar in some respects to that of parent that it may be presumed that he did not intend to leave the legatee without support."

In that case the testator had bequeathed to his grandson the sum of three thousand dollars, to be paid to him when he shall have attained the age of twenty-one years. The father of the legatee had entered the military service of the United States and died in such service. Before entering such service the testator had said to him that if he never returned his wife and son would always be cared for. After the death of the legatee's father, the testator took him and his mother to live with him and supported them until his death. It was held that he was entitled to interest upon his legacy from the death of the testator. (See, also, *Acherley* v. *Wheeler*, 1 Peere Wil-

liams, 783 ; *Hill* v. *Hill*, 3 V. & B. 183 ; *Donovan* v. *Needham*, 9 Beav. 164 ; *Rogers* v. *Soutten*, 2 Keen, 599 ; *Lupton* v. *Lupton*, 2 John. Ch. 614; *Keating* v. *Bruns*, 3 Dem. 233 ; *Neder* v. *Zimmer*, 6 id. 180 ; *In the Matter of Goble*, 30 N. Y. S. R. 944.)

At the death of the testatrix the plaintiff was an infant of but ten years of age. It does not appear that she possessed other estate. The will makes no other provision for her maintenance during her minority. Although she was not formally adopted, the testatrix had treated her as her child and assumed towards her the relation of a parent. So far the plaintiff is brought within the exception to the general rule to which we have called attention. But there existed other facts which, to our minds, had an important bearing upon the intention of the testatrix. As we have seen the testatrix's husband was the uncle of the plaintiff. She was taken into his family and supported and cared for by him until his death. He had voluntarily assumed towards her the relation of a parent. It is evident that he was a man of property from the fact that he made her a legatee under his will, and that she received upwards of ten thousand dollars from his estate. The testatrix, knowing of the relation that existed between her husband and the plaintiff and of his ability and intention to care for and support her, may very properly have entrusted her to his care without intending that the interest upon the legacy bequeathed to her should be paid for that purpose.

For these reasons we conclude that interest was not payable upon the legacy until the plaintiff arrived at the age of twenty-five years.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.