OTTILIE SEIBERT, an Infant, by GEORGE H. FINCK, her Guardian ad Litem, and ELSIE SEIBERT, an Infant, by GEORGE H. FINCK, her Guardian ad Litem, Appellants, v. JACOB H. MILLER and Others, as Executors of, and Trustees under, the Last Will and Testament of JOHN W. MILLER, Deceased, and Others, Respondents.

*Will — when the surplus income of a trust fund passes under the residuary clause.*

Where a will which contains a residuary clause, providing that "All the rest, residue and remainder of the proceeds of my residuary estate and property, including all lapsed legacies and property not herein effectually given, devised or bequeathed, I give, devise and bequeath to the said Ottilie Orphan Asylum," creates a trust fund, out of the income of which the executors are directed to pay to the widow of the testator the sum of $5,000 a year, in lieu of her dower interest, but makes no provision for the disposition of the surplus income accruing during the lifetime of the widow, the bequests to the other beneficiaries in the will being limited to specific sums, such surplus passes under the residuary clause to the residuary legatee.

APPEAL by the plaintiffs, Ottilie Seibert and another, by George H. Finck, their guardian *ad litem*, from so much of a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 16th day of May, 1898, upon the decision of the court rendered after a trial at the New York Special Term, as adjudges that "the following words in the last will and testament of John W. Miller, deceased, 'All the rest, residue and remainder of the proceeds of my residuary estate and property, including all lapsed legacies and property not herein effectually devised, given or bequeathed, I give, devise and bequeath to the Ottilie Orphan Asylum of East Williamsburgh, New York,' be and they hereby are construed to be an unrestricted residuary clause, and that Jacob H. Miller, Nicholas Schultz, Jacob Schlegel and Richard Stacpoole, as executors of, and trustees under said will, be and they hereby are directed to pay to the Ottilie Orphan Asylum all income from the estate of the late John W. Miller which may remain after the payment of the expenses of the estate and an annuity of five thousand dollars ($5,000) a year to Sophia E. Miller, the widow of the testator."

And also from so much of the said judgment as adjudges that " all the trusts, dispositions and provisions contained in said last will and testament are valid."

The action was brought to obtain a judicial construction of the will of John W. Miller, which provides as follows :

" *Third.* I give, devise and bequeath all the rest, residue and remainder of my estate, real and personal, wheresoever and whatsoever the same may be, to my executors, the survivors and survivor of them, in trust, nevertheless, to retain my estate as invested at the time of my death so long as they may deem proper, or from time to time, as they deem prudent, to convert the same into money, and invest and reinvest the same, either upon bond and mortgage on improved real estate in the city of New York, or in improved real estate in said city, and to collect and receive the rents, interests and income thereof, and to collect and receive the rents, interest and income from my estate, and after paying any and all expenses, repairs, charges, taxes and insurance, to pay over out of the net income thereof to my beloved wife, Sophia E. Miller, for and during the term of her natural life, the sum of five thousand dollars per year.

" I also give, devise and bequeath to my wife the use, during the term of her natural life, of my dwelling house in New York city, together with all of the furniture and other personal property in or about my said house, and also the use of my farm in Erie county, New York, including furniture and all personal property of every name, nature and description on said farm.   The use of said dwelling house and farm is given to my wife free from any expenses for taxes, assessments, insurance or repairs, which are to be paid by my executors.   The foregoing provisions for her are in lieu and bar of her dower in my estate.   My said farm and property thereon shall not be sold by my executors during her life except upon her written request.

" *Fourth.* Upon the death of my wife, or upon my death in case my wife shall not survive me, I direct that my said estate be converted into money, and that my executors sell my real and personal property at such time or times as they deem wise, and I give and bequeath the proceeds of my said estate as follows :

" I. I give and bequeath to my beloved grandchild Ottilie Seibert

the sum of fifty-five thousand dollars, and I give and bequeath to my beloved grandchild Elsie Seibert the sum of fifty-five thousand dollars.

"In case either my said grandchild Ottilie Seibert or my said grandchild Elsie Seibert shall be under age at the time the legacy given to her becomes payable, I direct my executors to hold the same in trust during her minority, and to apply to the use of the grandchild for whom the said sum of fifty-five thousand dollars is intended, the sum of one thousand dollars per annum until such grandchild shall attain the age of twenty-one years, or sooner die, and accumulate for her the remainder of the income, and upon such grandchild attaining the age of twenty-one years, to pay over the said sum of fifty-five thousand dollars and any accumulation of income thereon to such grandchild, and in case of her death before attaining the age of twenty-one years to pay the same to her child or children her surviving, and in case my grandchild Ottilie Seibert shall die before attaining the age of twenty-one years leaving no child or children her surviving, then to pay, assign, transfer and set over the said sum of fifty-five thousand dollars, one-half to the German Evangelical Aid Society, which now has its office in Fairfax street in the city of Brooklyn, and the remaining one-half thereof to the German Evangelical Synod of North America, located at St. Louis, Missouri, to be used for mission purposes in the East Indies; and in case my said grandchild Elsie Seibert shall die without issue, and before attaining the age of twenty-one years, to pay the said sum of fifty-five thousand dollars intended for her benefit to the Ottilie Orphan Asylum, now located at Forest avenue and Butler street, East Williamsburgh, town of Newton, Queens county, New York.

"II. I also give and bequeath out of the proceeds of my residuary estate upon the death of my wife, or upon my death in case she shall die before me, to my brother Martin Miller of Jersey City, New Jersey, fifteen thousand dollars. To Mrs. Carrie Westrup of New York city, one thousand dollars; to my sister, Catherine Beyer, five thousand dollars; to Kate Herman of Warsaw, county of Wyoming, N. Y., five thousand dollars.

"III. I also give and bequeath out of the proceeds of my said residuary estate *upon the death of my wife*, or upon my death in case my wife shall not survive me, the sum of sixty thousand dollars to the said Ottilie Orphan Asylum, now located at Forest

avenue and Butler street, East Williamsburgh, Newton, Queens county, New York, for the erection of a building or buildings for said orphan asylum; and to the Evangelical Reform Church of the Dutch Reform Denomination, corner of Avenue B and Fifth street in the city of New York, under whatever name it may be incorporated, the sum of twenty-five thousand dollars. It is my wish that the said sum of twenty-five thousand dollars be invested and kept invested upon bond and mortgage upon improved real estate in the city of New York by said church, and the income collected and applied toward the payment of the salary of the present and any future minister of said church so long as the said church shall remain in its present religious sect or denomination.

" IV. After the foregoing legacies shall have been paid in full, I give and bequeath out of the proceeds of my residuary estate *upon the death of my wife,* or upon my death if she shall die before me, to the Five Point House of Industry in the city of New York, five thousand dollars; to the Wetmore Home (formerly known as the Home for Fallen and Friendless Girls) of New York city, under whatever name the same may be incorporated, five thousand dollars; to the German Evangelical Synod and Missionary Society of North America of St. Louis, Missouri, the sum of ten thousand dollars, hoping that the same will be applied for missionary purposes in the East Indies.

" In case the proceeds of my residuary estate shall not be sufficient to pay the three last named legacies in full, then they shall be paid *pro rata.*

" In respect to the other or prior legacies hereinbefore mentioned, it is my desire that the same be paid in full in the order in which the same are stated in this my will, so far as the proceeds of my estate shall be sufficient for that purpose.

" V. All the rest, residue and remainder of the proceeds of my residuary estate and property, including all lapsed legacies and property not herein effectually devised, given or bequeathed, I give, devise and bequeath to the said Ottilie Orphan Asylum, of East Williamsburgh, New York."

*George H. Finck,* for the appellants.

*R. A. Stacpoole* and *John R. Abney,* for the respondents.

Judgment affirmed, with costs, on opinion of LAWRENCE, J., in the court below.

Present — VAN BRUNT, P. J., PATTERSON, O'BRIEN, INGRAHAM and McLAUGHLIN, JJ.

The following is the opinion of LAWRENCE, J., in the court below :

LAWRENCE, J. :

I do not regard the question, as to what the disposition should be of any accumulation of the plaintiffs' shares under the will, in case either or both of the plaintiffs should die during minority, as properly before the court at this time. It cannot be assumed from the evidence before me that any surplus will exist or that either of the plaintiffs will die without leaving lawful issue during her minority. As to the other branch of the case, it seems quite clear that the income which may arise, after the expenses for the management of the estate and the payment of the $5,000 yearly to the widow, should go to the Ottilie Orphan Asylum as the residuary legatee. The residuary clause provides as follows : " All the rest, residue and remainder of the proceeds of my residuary estate and property, including all lapsed legacies and property not herein effectually devised, given or bequeathed, I give, devise and bequeath to the said Ottilie Orphan Asylum of East Williamsburgh, New York." There is no qualification of the terms of the residuary clause, and the well-settled rule is that unless a residuary bequest is circumscribed by words of unmistakable import, it will, to prevent intestacy, be construed so as to perform the office intended, i. e., to dispose of all the residuary estate. (*Matter of Miner,* 146 N. Y. 121; *Floyd* v. *Carow,* 88 id. 560 ; *Riker* v. *Cornwell,* 113 id. 115 ; *Matter of Allen,* 151 id. 243.) There is no disposition of the surplus of income which may accrue during the widow's lifetime, and it cannot be assumed that the testator intended such accumulation should be for her benefit. The provisions of the will in favor of the widow are made in lieu of dower, and are so specific that it cannot be successfully contended that she should take any further benefit thereunder; nor can it be held that the plaintiffs are entitled to such surplus. Under the 4th clause of the will the bequest in

favor of each of the plaintiffs is limited to the specific sum of $55,000, which sum with the accumulation thereon is to be paid to them upon the attainment of their majority. The will is silent as to the disposition of any surplus other than that which may accrue upon the sum of $55,000. I am, therefore, of the opinion that if any surplus accrues during the widow's lifetime upon the other portions of the estate the disposition thereof will fall under the residuary clause of the will. The question of costs will be reserved until the settlement of the judgment. Draw judgment and decision accordingly and settle on three days' notice.