(78 Misc. Rep. 324.)

### In re McNAMEE'S WILL.

(Surrogate's Court, Kings County. November, 1912.)

WILLS (§ 734*)—CONSTRUCTION—GENERAL LEGACY—INTEREST.

Where a general legacy is payable on the death of the residuary legatee, it bears interest only from the happening of that event, and the income derivable from the sum aggregating the amount of several such legacies passes to the residuary legatee.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1847–1872; Dec. Dig. § 734.*]

Proceeding for the probate of the will of Patrick McNamee. Application granted, and will construed.

Magner & Carew, of Brooklyn (John F. Carew, of Brooklyn, of counsel), for executor.

Robert A. B. Dayton, of New York City, for John McNamee and Anne Quinn.

KETCHAM, S. The general legacies in this will present but one exceptional feature. Instead of being payable, under the statute, after the expiration of one year from the grant of letters, they are by the will made payable upon the death of the residuary legatee. In no other respect do they differ from the typical general legacy of money. Except in circumstances which do not appear in this case, legacies bear interest only from the time when they are payable. Lyon v. Industrial S. Ass'n, 127 N. Y. 402, 28 N. E. 17.

The income to be derived during the life of the residuary legatee from the portion of the estate out of which these legacies are to be paid is not given to the general legatees. It must, therefore, remain in the mass of the estate, and the residuary legatee takes everything which is not given to anybody else. Riker v. Cornwell, 113 N. Y. 115, 20 N. E. 602; Seibert v. Miller, 34 App. Div. 602, 55 N. Y. Supp. 593. Hence she is entitled to enjoy during her life the income upon the fund applicable to the payment of the pecuniary legacies.

It is no part of the task of construction to direct that the executrix give security for the safety of the fund from which the general legacies are to be discharged. The probate decree should contain the construction that the legacies contained in paragraphs 1, 2, 3, 4, 5, 6, and 7 will bear interest only from the death of the residuary legatee, and that in the gift of the residue the income properly derivable from the sum aggregating the amount of these legacies is given to the residuary legatee.

Decreed accordingly.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes