In the Matter of the Estate of MARY PLUNKETT, Deceased.

Surrogate's Court, Bronx County, January 15, 1936.

*Northrop & Sylvester* [*Arthur J. Sylvester* and *John P. Philbin* of counsel], for the Bankers Trust Company, as executor.

*Henry Lichtig,* special guardian.

HENDERSON, S. On this accounting a construction of the fifth paragraph of the will is sought. It reads:

" *Fifth.* I give, devise and bequeath all the rest, residue and remainder of my estate, real, personal and mixed, of whatever kind or nature and wheresoever the same may be situated, in equal shares, to my sisters Esther Sproul and Annie R. Condon, to have and to hold to them, their heirs and assigns forever.

" In the event, however, my sister Annie R. Condon shall predecease me, then I give the whole of the rest, residue and remainder of my estate to my sister Esther Sproul, and in the event my sister Esther Sproul shall predecease me, then I give the share to which my said sister Esther Sproul would have become entitled, to her descendants, *per stirpes* and not *per capita.*"

The decedent was never married. At the date of the execution of the will, she had two sisters, Annie R. Condon, a widow having no children, Esther Sproul, a widow with six children, and two granddaughters, representatives of a deceased son, and Frank B. Plunkett, the son of a deceased brother. The only dispositive provisions of the will except for the quoted residuary clause, were legacies of $5,000 to each niece and nephew and $2,500 to the grandnieces. Esther Sproul died on April 26, 1932, and Annie R. Condon on June 19, 1933, both predeceasing the testatrix.

The question presented is whether the decedent died intestate as to the one-half of her residuary estate bequeathed to Annie R. Condon or whether it passes to the representatives of Esther Sproul.

The whole will indicates that the testatrix desired to dispose of her whole estate in any contingency. The primary rule of construction of a will is to seek the intent of the testatrix from a consideration of its language, and the presence of a residuary clause is an indication that no intestacy was intended. (*Matter of Miner,* 146 N. Y. 121, 131; *Matter of Hayes,* 263 id. 219, 225; *Chemical*

*Bank & Trust Co.* v. *Streat,* 237 App. Div. 441, 450; affd., 263 N. Y. 159; *Keefe* v. *Keefe,* 230 App. Div. 654.)

The residuary clause makes no provision for Frank B. Plunkett, the son of the deceased brother, and the only logical conclusion is that it was the intention to exclude him from any benefit in excess of his $5,000 legacy. The legacy to Annie R. Condon is contingent upon her survival of the testatrix. Had Esther Sproul survived the decedent, she would have become entitled to the entire residuary. It was the expressed intention that the descendants of Esther Sproul should succeed to her share in the event that she predeceased the testatrix. The phrase " would have become entitled " provides for a substitutionary gift to the descendants of Esther Sproul of all the benefits which she would have received had she survived the testatrix. The language of the will is clear and admits of no other conclusion. It is so construed and I hold that each of the six children of Esther Sproul, deceased, is vested with an undivided one-seventh interest in the decedent's residuary estate, and that her two grandchildren are each vested with an undivided one-fourteenth interest therein.

Settle decree.