## In the Matter of the Estate of IDA LATHERS, Deceased.

Surrogate's Court, New York County, May 22, 1962.

*Gifford, Woody, Carter & Hays* (*Hazel I. Chase* of counsel), for Irving Trust Company, as trustee, petitioner. *Cox, Treanor & Shaughnessy* (*Malachy J. Wade* of counsel), for Dorothy Haight, respondent. *Jackson, Nash, Brophy, Barringer & Brooks* for St. Luke's Home for Aged Women, respondent.

S. SAMUEL DI FALCO, S. In this proceeding for the settlement of the account of the trustee of the residuary trust, construction of the will is requested.

In its Ninth paragraph the testatrix made a number of pecuniary bequests naming 33 persons as the recipients. She next directed that her residuary estate be held in trust for the benefit of Mrs. Daisy Shippert for life with half of the remainder passing on the death of the life tenant to St. Luke's Home for Aged Women and the balance going " to the persons named in paragraph NINTH hereof (excluding said Daisy Schippert) who shall be living at the time of the termination of said trust *in the proportion that their respective legacies in said paragraph bears to the total of the legacies payable thereunder.*" (Italics and underscoring supplied.) She then went on to say, " I am well aware that I have certain cousins who may be my heirs at law and next to kin. I know each of them and their relationship to me and I have consciously and purposely omitted them as beneficiaries, preferring to give my estate to others."

The trust now having terminated the petitioner seeks the instructions of the court concerning the method to be employed in disposing of the second half of the remainder of the residuary trust. Of the 33 legatees named in paragraph Ninth excluding the life tenant, one predeceased the testatrix with the result that only 31 qualified for payment of the bequests. Of that number 12 of those who survived predeceased the life beneficiary. Collectively the other 19 received 33/90ths of the total sum specified. The question is therefore presented as to whether the one-half share of the remainder of the residuary trust is payable to the surviving members of the class in its entirety, or whether that portion of it which would otherwise have gone to those persons who predeceased the life tenant shall pass as intestacy.

The will emphasizes the intention of the testatrix to achieve a result which silence on her part would have ascribed to her in any event because of the presumption against intestacy. That was a possibility which she flatly rejected in her admonition that her distributees were not to benefit from or share in the distribution of her estate. With this established the only alternative which could be employed to carry out her purpose requires the holding that the half share of the remainder of the residuary trust is to be divided among those members of the class who survived the life tenant in the proportions which the amounts of their legacies under paragraph Ninth bear to the total fund now available for distribution. Only in this way may the expressly stated intention of the testatrix to exclude her cousins be given effect so that as a consequence the will cannot be held to admit of any other conclusion. It is interesting to note that the accomplishment of the result described is achieved by the elimination of only a single letter, for had the testatrix used the word " here-

under '' instead of the word '' thereunder '' in the text beginning '' in the proportion that their respective legacies in said paragraph bears to the total of the legacies payable thereunder '' she would have removed even the modest prop for conjecture on which her distributees are now forced to rely.

It has long been held that the transposition, substitution, elimination or addition of words in a will is always permissible under the circumstances which obtain here if that be necessary to attain the goal which the will had established to be the purpose of the testator (*Matter of Baylies,* 104 N. Y. S. 2d 238). Here, however, in reaching the conclusion that the testatrix must have intended to dispose of the entire fund to the subjects of her own choice and not to those persons who could qualify as her distributees, the court has relied upon the reasoning of the Court of Appeals in *Matter of Fabbri* (2 N Y 2d 236). As the court said, BURKE, J., writing in that case at page 240: '' If the court upon reading the will in this setting discerns a dominant purpose or plan of distribution, the individual parts of the will must be read in relation to that purpose and given effect accordingly (*Roe* v. *Vingut,* 117 N. Y. 204, 212). This is true despite the fact that a literal reading of the portion under construction might yield an inconsistent or contradictory meaning because of the use of awkward language inadvertently or carelessly chosen (*Haug* v. *Schumacher,* 166 N. Y. 506, 513; *Williams* v. *Jones,* 166 N. Y. 522, 533, *supra*). As this court pointed out in an early opinion: ' If we can see that the inapt, or careless, use of language by the testator has created the difficulty in ascertaining his intention, but, nevertheless, feel certain as to what he meant, from reading the whole instrument in connection with the clause in question, we may subordinate the language to that meaning.' (*Matter of Miner,* 146 N. Y. 121, 130–131.) ''

For the reasons stated and upon the authority of the cases cited, the court construes the will as requiring that the second half of the remainder of the residuary trust be distributed in accordance with the formula described above.