Matter of Weisner v Ginsberg (2018 NY Slip Op 04289)





Matter of Weisner v Ginsberg


2018 NY Slip Op 04289


Decided on June 12, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2018

Richter, J.P., Webber, Kahn, Kern, Oing, JJ.


6847 File 3783/J91

[*1]In re Harrison J. Weisner, Petitioner-Appellant,
v
Melvin Ginsberg, et al., Respondents-Respondents.


Farrell Fritz, P.C., Uniondale (John R. Morken of counsel), for appellant.
Akerman LLP, New York (Lansing R. Palmer of counsel), for Melvin Ginsberg, respondent.
The Law office of Alfreida B. Kenny, New York (Alfreida B. Kenny of counsel), for Jessica Fieber, respondent.



Order, Surrogate's Court, New York County (Rita Mella, S.), entered July 12, 2017, which, in a will construction proceeding, denied petitioner's motion for partial summary judgment and for his appointment as successor co-trustee, and granted the cross motions of respondents for partial summary judgment, unanimously affirmed, without costs.
A will construction proceeding primarily seeks to ascertain and give effect to the testator's intent. The words used to express that intent are to be given their ordinary and natural meaning (see Matter of Singer, 13 NY3d 447, 451 [2009]; Matter of Gustafson, 74 NY2d 448, 451 [1989]). Such intent is to be gleaned from "a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed" (see Matter of Fabbri, 2 NY2d 236, 239-240 [1957]). If a dominant plan of distribution is evident, the various provisions must be interpreted in light of that purpose (see Matter of Larkin, 9 NY2d 88, 91 [1961]).
Petitioner argues that sentence 3 of the codicil to decedent's will deprived the named co-trustee of the authority to appoint a successor because that co-trustee was qualified and acted as a co-trustee. He contends that decedent's intent, as revealed in the will and codicil taken together, was that after the resignation or death of decedent's contemporaries and friends, petitioner would have attained sufficient maturity to act as a co-trustee with a corporate co-trustee; and that decedent never intended for the trusts to be managed exclusively by corporate trustees to the exclusion of his son.
The interpretation of sentence 3 provided by petitioner appears to be at odds with decedent's testamentary plan to have trusted friends and advisors serve as co-trustees of the trusts for the benefit of his children and to limit the involvement of his children in the management of the trusts (see Matter of Miner, 146 NY 121, 130-131 [1895]).
In the will, petitioner could not be appointed co-trustee until and unless each of the nominated individuals and their named successors no longer served, and, in that event, only with a corporate co-trustee. It appears that the codicil intended to retain that structure without specifically naming the successor trustees. As the court noted, it is difficult to believe that decedent intended to provide his named co-trustees with the power to appoint their successors only in the situation where they or any of them did not qualify as a co-trustee or never took any action, but to deprive them of that authority where they actually served. This is especially clear in light of sentence 4, which gave the named co-trustees the authority to select a successor to another named co-trustee. It is likely that the omission of the phrase "continues to act" in sentence 3 of the codicil was a misguided attempt at linguistic economy rather than a reflection of decedent's intention to deprive one of the co-trustees of the power to appoint his own successor.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 12, 2018
CLERK